Tyson K. Hottinger (CA State Bar No. 253221; E-Mail: thottinger@mabr.com)
Kirk R. Harris (*pro hac vice* forthcoming; E-Mail: kharris@mabr.com)
Mark W. Ford (*pro hac vice* forthcoming; E-Mail: mford@mabr.com)
Quincy J. Chuck (CA State Bar No. 307857; E-Mail: qchuck@mabr.com)
MASCHOFF BRENNAN LAYCOCK GILMORE ISRAELSEN & WRIGHT PLLC
20 Pacifica, Suite 1130
Irvine, California 92618
Telephone: (949) 202-1900
Facsimile: (949) 453-1104

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| MOBE, LTD., a Malaysian company,<br><br>Plaintiff,<br><br>vs.<br><br>Digital Altitude LLC, a Delaware limited liability company, Michael Force, an individual,<br>Defendants. | Civil Action No. 2:16-cv-05708<br><br>**COMPLAINT FOR:**<br><br>(1) Copyright Infringement<br>(2) Federal Theft of Trade Secrets<br>(3) Intentional Interference with Contractual Relations<br>(4) Intentional Interference with Prospective Economic Advantage<br>(5) Unfair Competition, California Bus. & Prof. Code §17200 *et seq.*<br><br>**JURY TRIAL DEMANDED** |

Plaintiff MOBE, Ltd. (hereinafter "Plaintiff" or "MOBE") hereby complains against defendants Digital Altitude LLC and Michael Force ("hereinafter, as "Digital Altitude" and "Force," respectively, or collectively as "Defendants") and alleges as follows:

## THE PARTIES

1.     Plaintiff MOBE, Ltd. is a Malaysian company having a principal place of business located at Soho Suites at KLCC B1-28-8 NO.20, Jalan Perak, Kuala Lumpur, 50450, Malaysia.

2.     Defendant Digital Altitude is a Delaware limited liability company and, on information and belief, has a principal place of business at 520 Broadway, Santa Monica, California 90401.

3.     Defendant Force is an individual and, on information and belief, resides in California.

## JURISDICTION AND VENUE

4.     By this civil action, MOBE seeks injunctive relief and damages for (a) copyright infringement under the Copyright Act, 17 U.S.C. § 101, *et seq.*, (b) theft of trade secrets under 18 U.S.C. § 1836, *et seq.*, (c) intentional interference with contractual relations, (d) intentional interference with prospective economic advantage, and (e) unfair competition under California Business & Professions Code § 17200 *et seq*.

5.     This Court has original, "federal question" jurisdiction over MOBE's copyright infringement and Federal theft of trade secrets claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

6.     This Court has pendent jurisdiction over MOBE's state law claims pursuant to 28 U.S.C. § 1367.

7.     Digital Altitude has recreated and displayed copyrighted materials belonging to MOBE, utilized misappropriated MOBE's trade secrets, and engaged in unfair business practices within this judicial district and this Court's exercise of personal

jurisdiction over it is consistent with provisions of the Constitutions of the United States and the State of California.

8.    Force is resident in and transacts business within this judicial district, and has sold infringing materials, utilized misappropriated trade secrets, and engaged in unfair business practices within this judicial district and this Court's exercise of personal jurisdiction over him is consistent with provisions of the Constitutions of the United States and the State of California.

9.    Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400.

## GENERAL ALLEGATIONS

### MOBE and its MTTB System

10.    MOBE provides online business training courses, products, tools, and services, to give customers the training, knowledge, and support needed to build successful businesses online.

11.    One of MOBE's signature products is the "My Top Tier Business system" ("MTTB System"), which is an industry leading online business training program and business system.  The MTTB System consists of a 21-Step program containing proprietary written materials, PowerPoint presentations, and videos for each of 21 separate steps.

12.    The MTTB System includes unique upselling opportunities to MOBE for higher value training products.  These upselling opportunities result in significant source of revenue for MOBE.

13.    In addition to the MTTB System, MOBE offers additional services and products for sale, including additional training programs, seminars, and materials.

14.    The MTTB System was created by Matt Lloyd ("Lloyd"), the founder and CEO of MOBE. He created the MTTB System in 2013, after many years of experience in the field of Top Tier marketing.

15.     The MTTB System provides a step by step method for new business owners to rapidly build up a successful online business, utilizing traffic acquired by various methods, including traffic driven by sales of associated business training tools and courses, business mindset and how to promote the MOBE core products and events.

16.     The MTTB System provides valuable training on how to get high ticket commissions through a proven system, with MOBE providing training and services for a precise business system that would otherwise require a new business owner years to develop.

17.     Lloyd spend a significant amount of time and effort developing his MTTB System material, eventually drafting written documents that provide an outline for entrepreneurs and other business owners to follow.

18.     In April, 2013, Lloyd finalized these written materials in the form of twenty-one documents, ("21 Step Documents") each of which correspond to one of twenty-one steps that form the basis of the MTTB System.

19.     On or about July 12, 2016, MOBE submitted to the Register of Copyrights a completed application for registration, deposit copies, and the applicable fee in order to register the copyright to each of the 21 Step Documents.  Plaintiff will seek leave of court to amend its complaint to attach and incorporate by reference a copy of the certificate of copyright registration when it receives it.

20.     Lloyd wrote these steps in a script format. Lloyd created these documents knowing that they would eventually be used to create presentation-style slides and videos for each of the 21 steps in the MTTB System.

21.     The 21 Step Documents were published to MOBE's website on or around June 21, 2013, and were used as textual versions of the MTTB System until video presentations could be completed.

22.     In September of 2013, Force, who was then a sales representative for MOBE, was looking for expanded opportunities at MOBE and discussed his suitability for additional positions within MOBE.

23.     After meeting Force in person in September 2013, Lloyd agreed to expand Force's duties and responsibilities at MOBE.

24.     Specifically, Lloyd instructed Force to assist with several MOBE projects, including (1) completing the commercialization of the MTTB System, (2) updating the design of the website, and (3) redesigning MOBE's back office.

25.     With regard to completing the commercialization of the MTTB System, Lloyd instructed Force to create 21 separate videos ("2013 21 Step Videos") that covered the material contained in each of the 21 Step Documents. To that end, Lloyd gave Force two discrete tasks: first, create presentation-type slides for each of the 21 Step Documents; and second, make a video showing each of the presentation-type slides accompanied by audio corresponding to the information contained in the 21 Step Documents. In many cases, the audio is a verbatim recitation of language contained in the 21 Step Documents.

26.     Lloyd exercised full creative control over the creation of the 2013 21 Step Videos, having provided Force with the completed 21 Step Documents and giving Force specific instructions to follow.

27.     In recording the narration for the 2013 21 Step Videos, Force followed the script style 21 Step Documents and additional information given to him by Lloyd almost verbatim. Force did not make any significant additions or modifications to the material, and used diagrams that Lloyd provided and in the positions that Lloyd indicated.

28.     The only contributions to the 2013 21 Step Videos that Force provided—which were subject to artistic control and ultimate approval by Lloyd—were introductory slides and commentary summarizing what each step would cover, and a modified sales pitch during the final step.

29.     Throughout the 2013 21 Step Videos, Force acknowledges on several occasions that Lloyd is the owner and creator of MOBE and the MTTB System. For example, during the Step 1 video, Force states that Lloyd "slaved away for four years of his life in creating a system called MOBE."

1    30.    In October of 2013, Lloyd reviewed the finalized 2013 21 Step Videos and,

2    being satisfied with their quality and confirming that Force had followed his instructions,

3    Lloyd approved the 2013 21 Step Videos to be uploaded to MOBE's website.

4    31.    On or about July 19, 2016, MOBE submitted to the Register of Copyrights a

5    completed application for registration, deposit copies, and the applicable fee in order to

6    register the copyright to each of the 2013 21 Step Videos. Plaintiff will seek leave of

7    court to amend its complaint to attach and incorporate by reference a copy of the

8    certificate of copyright registration when it receives it.

9    32.    In March of 2014, MOBE stopped using Force's design services.

10    33.    Shortly thereafter, Lloyd began revising and editing the 2013 21 Step

11    Videos, creating a completely new set of presentation-style slides ("2014 21 Step Slides")

12    and videos ("2014 21 Step Videos") that added significant amounts new material to the

13    MTTB System.

14    34.    In addition to the new material, Lloyd used a different color scheme and

15    layout than was used in the 2013 21 Step Videos, and created new slides even for

16    material that was covered in the 2013 21 Step Videos.

17    35.    On or about July 21, 2016, MOBE submitted to the Register of Copyrights a

18    completed application for registration, deposit copies, and the applicable fee in order to

19    register the copyright to each of the 2014 21 Step Slides Plaintiff will seek leave of court

20    to amend its complaint to attach and incorporate by reference a copy of the certificate of

21    copyright registration when it receives it.

22    36.    Subsequent to the creation of the 2014 21 Step Slides and 2014 21 Step

23    Videos, Lloyd continued to revise, edit, and add new material to the MTTB System,

24    which required further updates the 2014 21 Step Slides and 2014 21 Step Videos to

25    reflect these changes.

26    37.    The current version of the MTTB System videos ("Current 21 Step

27    Videos"), which are presently active and being used on MOBE's website, contain all

28    revisions, edits, and new material added to the MTTB System.

38.     On or about July 26, 2016, MOBE submitted to the Register of Copyrights a completed application for registration, deposit copies, and the applicable fee in order to register the copyright to each of the Current 21 Step Videos.  Plaintiff will seek leave of court to amend its complaint to attach and incorporate by reference a copy of the certificate of copyright registration when it receives it.

39.     On information and belief, Force has had access to all versions of MOBE's MTTB System, including: each of the 21 Step Documents; each of the 2013 21 Step Videos; each of the 2014 21 Step Slides; each of the 2013 21 Step Videos; and each of the Current 21 Step Videos.

40.     MOBE has not provided permission to nor consented to Force or Digital Altitude to use any of MOBE's proprietary information, including the aforementioned copyright pending materials.

<strong><em>Digital Altitude and its Aspire Program</em></strong>

41.     Subsequent to Force's departure from MOBE, Force started a competing business called Digital Altitude.

42.     Upon information and belief, Force is the sole owner and member of Digital Altitude and has direct control over all Digital Altitude operations and actions, including supervising all Digital Altitude activities.

43.     Digital Altitude, like MOBE, provides online business training courses, products, tools, and services.

44.     Digital Altitude's "Aspire Program" is a product that includes eighteen business training videos, consisting primarily of a set of slides with accompanying audio ("Aspire Videos"). Digital Altitude's use of the Aspire Videos is commercial, as it requires customers to pay a fee in order to obtain access to and view the Aspire Videos.

45.     Upon information and belief, Force is responsible for creating all of the Aspire Videos.

/ / /

/ / /

46.    The Aspire Videos copy extensively from MOBE's 21 Step Documents, MOBE's 2013 21 Step Videos, MOBE's 2014 21 Step Slides, and MOBE's Current 21 Step Videos.

47.    A quick examination of the titles of each step of Digital Altitude's Aspire Videos and the titles of the first 18 steps of MOBE's current MTTB system reveals more than coincidental similarities, as illustrated in the following table:

| Step | MOBE Title | Digital Altitude Title |
|:---:|---|---|
| 1 | How to make 6-figures in your first year with a top tier direct sales business model | How to build a digital 6-figure business in 90-days or less with top tier |
| 2 | Discover the missing ingredient 99% miss in business success | Discover the #1 missing ingredient 99% missing with online business success |
| 3 | How to unlock your millionaire mind | Millionaire mind how to rewire your brain to guarantee your success |
| 4 | Why 85% of franchises succeed while most other businesses fail | Discover why 85% of franchises succeed while 95% businesses fail |
| 5 | What is even more lucrative than a franchise model? | Discover what the #1 business model to make 6-7 figures online |
| 6 | How to license a proven and profitable online business | How to license the most profitable products and proven systems online |
| 7 | How to get the expert support you need to succeed | Finally get the expert support you need to succeed |
| 8 | How to get paid quickly and easily with MOBE | How you can get paid quickly and easily with Aspire |
| 9 | How to get $3,300 commissions with no extra work | How to get $4,500 commissions with no extra work |

| 10 | How to get $5,500 commissions with no extra work | How to get $7500 commissions with no extra work |
|---|---|---|
| 11 | How to get new Mercedes Benz paid for every month and other perks | How to get your dream car paid for every month |
| 12 | How the phone sales team makes you money 24/7 | How the phone sales team makes you money 24/7 |
| 13 | How the MOBE team helps you build your business everyday | Your digital altitude family: climbing to the top together |
| 14 | How to make 5x more money without any additional work | The power of positioning: how to live the real 4-hour work week |
| 15 | How goals are the GPS to your success | Goals: the GPS to your success |
| 16 | How to create success faster with helping hands | How to: create success faster |
| 17 | How to finance your new business venture | How to finance your new business venture |
| 18 | How to get steady streams of traffic, 24/7 | How to get steady streams of visitors to your D.A. site (traffic 24/7) |

48.    A more thorough comparison of Digital Altitude's Aspire Videos and MOBE's various MTTB System materials clearly reveals that MOBE's materials were copied by Force and Digital Altitude.

49.    The material that Force and Digital Altitude has copied represents a large portion of MOBE's proprietary content and includes the core substantive material of MOBE's MTTB System.

### MOBE's Confidential Customer, Affiliate, and Staff Lists

50.    The success of MOBE's MTTB System relies heavily on the number of MOBE affiliates (currently at over 12,000), who provide a marketing and promoting platform for MOBE products, and its extensive list of clients.

51.     Over the years, MOBE has gathered and collected confidential lists of MOBE's affiliates and customers, as well as its staff (Confidential Lists"). These Confidential Lists contain highly sensitive information, including but not limited to identification of and contact information for the limited market of customers who would potentially purchase online business training services, and the limited market of high-achieving affiliates who form the basis of any successful affiliate marketing system.

52.     Due to the incredibly valuable nature of affiliates and customers to MOBE's business model, MOBE has spent years and valuable resources creating these Confidential Lists.

53.     The information contained on these Confidential Lists could not be independently recreated by a third party without a significant investment of time and money.

54.     These Confidential Lists are used for in interstate and foreign commerce for MOBE to solicit, recruit, and maintain relationships with customers and affiliates across different states and in different countries.

55.     MOBE's Confidential Lists are and have always been kept confidential on a customer relations management ("CRM") database, with access restricted on a need-to-know basis, and requiring specialized software to access the database containing these lists.

56.     MOBE further protects its Confidential Lists by requiring its independent contractors, employees, and affiliates to sign a confidentiality agreement and a non-solicitation agreement.

57.     A true and correct copy of MOBE's confidentiality agreement is attached hereto as Exhibit A.

58.     A true and correct copy of MOBE's non-solicitation agreement for affiliates is attached hereto as Exhibit B.

59.     A true and correct copy of MOBE's non-solicitation agreement for independent contractors is attached hereto as Exhibit C.

60.     The confidentiality agreement defines "confidential information" as "confidential and proprietary information and various trade secrets including scientific, engineering and technical knowhow, processes, computer software and related documentation owned or marketed by MOBE or its clients, marketing strategies, customer requirements, ***customer lists***, employees' compensation, methods of doing business, the financial affairs of MOBE and other confidential business information which belongs to MOBE or its clients." Ex. E, § 1 (emphasis added).

61.     Under the confidentiality agreement, MOBE staff agree to "not disclose any Confidential Information to any person other than for purposes of MOBE," and to "not use for my own purposes or for purposes other than those of MOBE." Ex. E, § 2 (a).

62.     The confidentiality agreement includes a survival clause and an agreement that, upon termination of employment with MOBE, to "immediately return to MOBE all of the materials, including all copies in whatever form, containing Confidential Information." Ex. E, § 2 (a)-(c).

63.     Under the non-solicitation agreement, all MOBE staff agree that they "will not directly recruit other MOBE Affiliates or Customers for any other network marketing business." Ex. B.  Independent contractors agree that they "will not directly or indirectly recruit any MOBE Affiliates or Customers for any non-MOBE business opportunity, coaching program, or product."  Ex. C.

64.     "Recruit" is defined for affiliates as "the actual or attempted solicitation, enrollment, encouragement, or attempt to influence in any other way an Affiliate or Customer to enroll or participate in another multilevel marketing, network marketing or direct sales opportunity. The term "recruit" also includes merely mentioning you're participating in another Network Marketing business to another Affiliate or Customer." Ex. B.  For independent contractors, "Recruit" is defined as "the actual or attempted solicitation, enrollment, encouragement, or attempt to influence in any other way an Affiliate or Customer to enroll or participate in any non-MOBE product or service, including coaching programs, training classes, another multilevel marketing, network

marketing or direct sales opportunity. The term also includes general solicitation on your social networking site where your "friends" or "contacts" include individuals not personally enrolled by you and who are MOBE Affiliates. It also includes merely mentioning your participating in any non-MOBE business when there may be MOBE Affiliates or Customers you did not introduce to the MOBE opportunity." Ex. C.

65.     Both non-solicitation agreements have a survival clause and is "enforceable during the term of this Agreement and for twelve (12) months following termination, regardless if termination was voluntary or involuntary." Exs. B and C.

<strong>Defendant's Misappropriation And Recruitment Of</strong><br><strong>MOBE's Customers, Affiliates, And Staff</strong>

66.     On information and belief, Digital Altitude has contacted a large number of MOBE's customers, affiliates, and staff, whose names and contact information are included in MOBE's Confidential Lists.

67.     On information and belief, many of the individuals contacted would not have been available to Digital Altitude unless Digital Altitude had misappropriated MOBE's Confidential Lists.

68.     For example, one of MOBE's customers, Patrick White, received an email from Force on May 27, 2016, informing him that he had been proactively registered and signed up for a Digital Altitude account. Mr. White contacted MOBE regarding this email and informed MOBE that he had never opted into Digital Altitude's list before receiving this email. Numerous other customers on MOBE's Confidential Lists have also contacted MOBE to complain about receiving unsolicited emails from Digital Altitude.

69.     Further, one of MOBE's affiliates operated a number of test email addresses that were used only for testing MOBE landing pages. As a result, these email addresses appear only in MOBE's confidential CRM databases, and would not appear anywhere else and would never have been used for anything other than testing purposes. Customer solicitation emails were sent to these test email addresses from Michael Force, clearly

illustrating Digital Altitude's misappropriation of MOBE's Confidential Lists, and use of the same.

70.     Upon information and belief, Digital Altitude received the Confidential Lists from former MOBE employees that Digital Altitude has recruited away from MOBE.

71.     By providing Confidential Lists to Digital Altitude, the former MOBE employees who are responsible for disclosing this information have breached at least § 2 of the confidentiality agreements, which requires maintaining these lists confidential, not to use them for any purpose other than for MOBE, and to immediately return all customer lists to MOBE upon terminating the employment relationship.

72.     In addition to copying proprietary components of MOBE's MTTB System and misappropriating MOBE's Confidential Lists, Digital Altitude and Force have actively recruited MOBE customers, staff, and affiliates to join Digital Altitude ("Recruited Individuals").

73.     On information and belief, many of the Recruited Individuals have actively sought to recruit other individuals away from MOBE in violation of the non-solicitation agreements.

74.     MOBE has lost significant numbers of important affiliates, customers, and staff as a result of these breaches of MOBE's confidentiality and non-solicitation agreements, resulting in significant loss of income.

75.     In addition to irreparably damaging MOBE's business through the compounding effect of lost affiliates, customers, staff, and referrals, Digital Altitude's actions using misappropriated confidential information to contact customers threatens to permanently damage the goodwill and reputation that has taken MOBE years to build up.

76.     By repeatedly contacting customers and affiliates, sometimes using specialized test emails customers used in their marketing campaigns and known only to MOBE, Digital Altitude damages MOBE's goodwill by suggesting to customers that confidential information that was specially entrusted to MOBE is being shared with companies like Digital Altitude to bombard them with advertising.

77.   In the online world, with rampant identity theft and customer information being sold to advertisers, Digital Altitude's actions contacting MOBE's customers threatens to permanently damage MOBE's goodwill, making customers believe that MOBE's security has been compromised, or that personal information was released.

78.   Digital Altitude directly targets all of aspects of MOBE's business model through this combination of directly copying all of MOBE's materials and directly targeting MOBE's customers and affiliates.  Digital Altitude is also directly soliciting and raiding MOBE's staff members.

79.   Not only does each sale by Digital Altitude of infringing material take away a sale from MOBE, that sale takes away uncountable numbers of further sales of supporting services, and further uncountable numbers of further sales generated by the affiliate system.  As if this is not enough, directly targeting MOBE's affiliates and customers by misappropriating confidential information takes away uncountable numbers of future sales from MOBE, impossible to calculate due to the compounding nature of the affiliate marketing system, the positive externalities that having a large affiliate network brings for marketing and advertising capabilities, and the negative effects on MOBE's reputation and good will.

## CLAIM 1: COPYRIGHT INFRINGEMENT

**(Against Digital Altitude and Michael Force For Actions Relating To**

**The Creation And Dissemination Of The Step 1 Aspire Video)**

80.   MOBE hereby realleges and incorporates the foregoing paragraphs as though fully set forth herein.

81.   MOBE owns valid copyrights and exclusive rights under 17 U.S.C. § 106 to step 1 of the 21 Step Documents, step 1 of the 2013 21 Step Videos, step 1 of the 2014 21 Step Slides, and step 1 of the Current 21 Step Videos, all of which are original works of authorship.

82.   Upon information and belief, Force and Digital Altitude had access to step 1 of MOBE's 21 Step Documents and, without the permission or consent of MOBE, Force

13

and Digital Altitude copied original expression contained in step 1 of MOBE's 21 Step Documents to create step 1 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

83.     Upon information and belief, Force and Digital Altitude had access to step 1 of MOBE's 2013 21 Step Videos and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 1 of MOBE's 2013 21 Step Videos to create step 1 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

84.     Upon information and belief, Force and Digital Altitude had access to step 1 of MOBE's 2014 21 Step Slides and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 1 of MOBE's 2014 21 Step Slides to create step 1 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

85.     Upon information and belief, Force and Digital Altitude had access to step 1 of MOBE's Current 21 Step Videos and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 1 of MOBE's Current 21 Step Videos to create step 1 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

86.     Upon information and belief, Force—as the founder and owner of Digital Altitude and having a significant financial interest in the success of Digital Altitude—personally, willfully, and knowingly participated in the aforementioned acts of copyright infringement. As such, Force is personally liable for the aforementioned acts of copyright infringement.

87.     Force's and Digital Altitude's infringement of MOBE's rights in each of the aforementioned copyrighted works constitutes a separate and distinct act of infringement.

88.     Force's and Digital Altitude's acts of infringement are willful, intentional, and purposeful, and in disregard of, and with indifference to, MOBE's rights.

89.    As a result of Force's and Digital Altitude's willful copyright infringement, MOBE has been, and will continue to be, irreparably harmed.

90.    Unless enjoined by this Court, Force and Digital Altitude will continue to willfully and intentionally infringe MOBE's proprietary rights in the 21 Step Documents, the 2013 21 Step Videos, the 2014 21 Step Slides, the 2013 21 Step Videos, and the Current 21 Step Videos.

91.    By reason of their infringement of MOBE's copyrights as alleged herein, Force and Digital Altitude are liable to MOBE for the actual damages incurred by MOBE as a result of the infringement, and for any profits of Force and Digital Altitude directly or indirectly attributable to such infringement.

## CLAIM 2: COPYRIGHT INFRINGEMENT

### (Against Digital Altitude and Michael Force For Actions Relating To The Creation And Dissemination Of The Step 2 Aspire Video)

92.    MOBE hereby realleges and incorporates the foregoing paragraphs as though fully set forth herein.

93.    MOBE owns valid copyrights and exclusive rights under 17 U.S.C. § 106 to step 2 of the 21 Step Documents, step 2 of the 2013 21 Step Videos, step 2 of the 2014 21 Step Slides, and step 2 of the Current 21 Step Videos, all of which are original works of authorship.

94.    Upon information and belief, Force and Digital Altitude had access to step 2 of MOBE's 21 Step Documents and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 2 of MOBE's 21 Step Documents to create step 2 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

95.    Upon information and belief, Force and Digital Altitude had access to step 2 of MOBE's 2013 21 Step Videos and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 2 of MOBE's

2013 21 Step Videos to create step 2 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

96.    Upon information and belief, Force and Digital Altitude had access to step 2 of MOBE's 2014 21 Step Slides and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 2 of MOBE's 2014 21 Step Slides to create step 2 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

97.    Upon information and belief, Force and Digital Altitude had access to step 2 of MOBE's Current 21 Step Videos and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 2 of MOBE's Current 21 Step Videos to create step 2 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

98.    Upon information and belief, Force—as the founder and owner of Digital Altitude and having a significant financial interest in the success of Digital Altitude—personally, willfully, and knowingly participated in the aforementioned acts of copyright infringement. As such, Force is personally liable for the aforementioned acts of copyright infringement.

99.    Force's and Digital Altitude's infringement of MOBE's rights in each of the aforementioned copyrighted works constitutes a separate and distinct act of infringement.

100.    Force's and Digital Altitude's acts of infringement are willful, intentional, and purposeful, and in disregard of, and with indifference to, MOBE's rights.

101.    As a result of Force's and Digital Altitude's willful copyright infringement, MOBE has been, and will continue to be, irreparably harmed.

102.    Unless enjoined by this Court, Force and Digital Altitude will continue to willfully and intentionally infringe MOBE's proprietary rights in the 21 Step Documents, the 2013 21 Step Videos, the 2014 21 Step Slides, the 2013 21 Step Videos, and the Current 21 Step Videos.

103.   By reason of their infringement of MOBE's copyrights as alleged herein, Force and Digital Altitude are liable to MOBE for the actual damages incurred by MOBE as a result of the infringement, and for any profits of Force and Digital Altitude directly or indirectly attributable to such infringement.

## CLAIM 3: COPYRIGHT INFRINGEMENT

**(Against Digital Altitude and Michael Force For Actions Relating To The Creation And Dissemination Of The Step 3 Aspire Video)**

104.   MOBE hereby realleges and incorporates the foregoing paragraphs as though fully set forth herein.

105.   MOBE owns valid copyrights and exclusive rights under 17 U.S.C. § 106 to step 3 of the 21 Step Documents, step 3 of the 2013 21 Step Videos, step 3 of the 2014 21 Step Slides, and step 3 of the Current 21 Step Videos, all of which are original works of authorship.

106.   Upon information and belief, Force and Digital Altitude had access to step 3 of MOBE's 21 Step Documents and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 3 of MOBE's 21 Step Documents to create step 3 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

107.   Upon information and belief, Force and Digital Altitude had access to step 3 of MOBE's 2013 21 Step Videos and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 3 of MOBE's 2013 21 Step Videos to create step 3 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

108.   Upon information and belief, Force and Digital Altitude had access to step 3 of MOBE's 2014 21 Step Slides and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 3 of MOBE's 2014 21 Step Slides to create step 3 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

109.   Upon information and belief, Force and Digital Altitude had access to step 3 of MOBE's Current 21 Step Videos and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 3 of MOBE's Current 21 Step Videos to create step 3 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

110.   Upon information and belief, Force—as the founder and owner of Digital Altitude and having a significant financial interest in the success of Digital Altitude—personally, willfully, and knowingly participated in the aforementioned acts of copyright infringement. As such, Force is personally liable for the aforementioned acts of copyright infringement.

111.   Force's and Digital Altitude's infringement of MOBE's rights in each of the aforementioned copyrighted works constitutes a separate and distinct act of infringement.

112.   Force's and Digital Altitude's acts of infringement are willful, intentional, and purposeful, and in disregard of, and with indifference to, MOBE's rights.

113.   As a result of Force's and Digital Altitude's willful copyright infringement, MOBE has been, and will continue to be, irreparably harmed.

114.   Unless enjoined by this Court, Force and Digital Altitude will continue to willfully and intentionally infringe MOBE's proprietary rights in the 21 Step Documents, the 2013 21 Step Videos, the 2014 21 Step Slides, the 2013 21 Step Videos, and the Current 21 Step Videos.

115.   By reason of their infringement of MOBE's copyrights as alleged herein, Force and Digital Altitude are liable to MOBE for the actual damages incurred by MOBE as a result of the infringement, and for any profits of Force and Digital Altitude directly or indirectly attributable to such infringement.

/ / /

/ / /

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CLAIM 4: COPYRIGHT INFRINGEMENT

**(Against Digital Altitude and Michael Force For Actions Relating To**

**The Creation And Dissemination Of The Step 4 Aspire Video)**

116.   MOBE hereby realleges and incorporates the foregoing paragraphs as though fully set forth herein.

117.   MOBE owns valid copyrights and exclusive rights under 17 U.S.C. § 106 to step 4 of the 21 Step Documents, step 4 of the 2013 21 Step Videos, step 4 of the 2014 21 Step Slides, and step 4 of the Current 21 Step Videos, all of which are original works of authorship.

118.   Upon information and belief, Force and Digital Altitude had access to step 4 of MOBE's 21 Step Documents and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 4 of MOBE's 21 Step Documents to create step 4 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

119.   Upon information and belief, Force and Digital Altitude had access to step 4 of MOBE's 2013 21 Step Videos and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 4 of MOBE's 2013 21 Step Videos to create step 4 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

120.   Upon information and belief, Force and Digital Altitude had access to step 4 of MOBE's 2014 21 Step Slides and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 4 of MOBE's 2014 21 Step Slides to create step 4 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

121.   Upon information and belief, Force and Digital Altitude had access to step 4 of MOBE's Current 21 Step Videos and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 4 of MOBE's

Current 21 Step Videos to create step 4 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

122.   Upon information and belief, Force—as the founder and owner of Digital Altitude and having a significant financial interest in the success of Digital Altitude—personally, willfully, and knowingly participated in the aforementioned acts of copyright infringement. As such, Force is personally liable for the aforementioned acts of copyright infringement.

123.   Force's and Digital Altitude's infringement of MOBE's rights in each of the aforementioned copyrighted works constitutes a separate and distinct act of infringement.

124.   Force's and Digital Altitude's acts of infringement are willful, intentional, and purposeful, and in disregard of, and with indifference to, MOBE's rights.

125.   As a result of Force's and Digital Altitude's willful copyright infringement, MOBE has been, and will continue to be, irreparably harmed.

126.   Unless enjoined by this Court, Force and Digital Altitude will continue to willfully and intentionally infringe MOBE's proprietary rights in the 21 Step Documents, the 2013 21 Step Videos, the 2014 21 Step Slides, the 2013 21 Step Videos, and the Current 21 Step Videos.

127.   By reason of their infringement of MOBE's copyrights as alleged herein, Force and Digital Altitude are liable to MOBE for the actual damages incurred by MOBE as a result of the infringement, and for any profits of Force and Digital Altitude directly or indirectly attributable to such infringement.

## CLAIM 5: COPYRIGHT INFRINGEMENT

### (Against Digital Altitude and Michael Force For Actions Relating To The Creation And Dissemination Of The Step 5 Aspire Video)

128.   MOBE hereby realleges and incorporates the foregoing paragraphs as though fully set forth herein.

129.   MOBE owns valid copyrights and exclusive rights under 17 U.S.C. § 106 to step 5 of the 21 Step Documents, step 5 of the 2013 21 Step Videos, step 5 of the 2014 21

Step Slides, and step 5 of the Current 21 Step Videos, all of which are original works of authorship.

130. Upon information and belief, Force and Digital Altitude had access to step 5 of MOBE's 21 Step Documents and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 5 of MOBE's 21 Step Documents to create step 5 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

131. Upon information and belief, Force and Digital Altitude had access to step 5 of MOBE's 2013 21 Step Videos and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 5 of MOBE's 2013 21 Step Videos to create step 5 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

132. Upon information and belief, Force and Digital Altitude had access to step 5 of MOBE's 2014 21 Step Slides and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 5 of MOBE's 2014 21 Step Slides to create step 5 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

133. Upon information and belief, Force and Digital Altitude had access to step 5 of MOBE's Current 21 Step Videos and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 5 of MOBE's Current 21 Step Videos to create step 5 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

134. Upon information and belief, Force—as the founder and owner of Digital Altitude and having a significant financial interest in the success of Digital Altitude—personally, willfully, and knowingly participated in the aforementioned acts of copyright infringement. As such, Force is personally liable for the aforementioned acts of copyright infringement.

135.     Force's and Digital Altitude's infringement of MOBE's rights in each of the aforementioned copyrighted works constitutes a separate and distinct act of infringement.

136.     Force's and Digital Altitude's acts of infringement are willful, intentional, and purposeful, and in disregard of, and with indifference to, MOBE's rights.

137.     As a result of Force's and Digital Altitude's willful copyright infringement, MOBE has been, and will continue to be, irreparably harmed.

138.     Unless enjoined by this Court, Force and Digital Altitude will continue to willfully and intentionally infringe MOBE's proprietary rights in the 21 Step Documents, the 2013 21 Step Videos, the 2014 21 Step Slides, the 2013 21 Step Videos, and the Current 21 Step Videos.

139.     By reason of their infringement of MOBE's copyrights as alleged herein, Force and Digital Altitude are liable to MOBE for the actual damages incurred by MOBE as a result of the infringement, and for any profits of Force and Digital Altitude directly or indirectly attributable to such infringement.

## CLAIM 6: COPYRIGHT INFRINGEMENT

**(Against Digital Altitude and Michael Force For Actions Relating To**
**The Creation And Dissemination Of The Step 6 Aspire Video)**

140.     MOBE hereby realleges and incorporates the foregoing paragraphs as though fully set forth herein.

141.     MOBE owns valid copyrights and exclusive rights under 17 U.S.C. § 106 to step 6 of the 21 Step Documents, step 6 of the 2013 21 Step Videos, step 6 of the 2014 21 Step Slides, and step 6 of the Current 21 Step Videos, all of which are original works of authorship.

142.     Upon information and belief, Force and Digital Altitude had access to step 6 of MOBE's 2014 21 Step Slides and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 6 of MOBE's 2014 21 Step Slides to create step 6 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

143.    Upon information and belief, Force and Digital Altitude had access to step 6 of MOBE's Current 21 Step Videos and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 6 of MOBE's Current 21 Step Videos to create step 6 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

144.    Upon information and belief, Force—as the founder and owner of Digital Altitude and having a significant financial interest in the success of Digital Altitude—personally, willfully, and knowingly participated in the aforementioned acts of copyright infringement. As such, Force is personally liable for the aforementioned acts of copyright infringement.

145.    Force's and Digital Altitude's infringement of MOBE's rights in each of the aforementioned copyrighted works constitutes a separate and distinct act of infringement.

146.    Force's and Digital Altitude's acts of infringement are willful, intentional, and purposeful, and in disregard of, and with indifference to, MOBE's rights.

147.    As a result of Force's and Digital Altitude's willful copyright infringement, MOBE has been, and will continue to be, irreparably harmed.

148.    Unless enjoined by this Court, Force and Digital Altitude will continue to willfully and intentionally infringe MOBE's proprietary rights in the 21 Step Documents, the 2013 21 Step Videos, the 2014 21 Step Slides, the 2013 21 Step Videos, and the Current 21 Step Videos.

149.    By reason of their infringement of MOBE's copyrights as alleged herein, Force and Digital Altitude are liable to MOBE for the actual damages incurred by MOBE as a result of the infringement, and for any profits of Force and Digital Altitude directly or indirectly attributable to such infringement.

/ / /

/ / /

/ / /

/ / /

23

## CLAIM 7: COPYRIGHT INFRINGEMENT

### (Against Digital Altitude and Michael Force For Actions Relating To

### The Creation And Dissemination Of The Step 9 Aspire Video)

150.    MOBE hereby realleges and incorporates the foregoing paragraphs as though fully set forth herein.

151.    MOBE owns valid copyrights and exclusive rights under 17 U.S.C. § 106 to step 9 of the 21 Step Documents, step 9 of the 2013 21 Step Videos, step 9 of the 2014 21 Step Slides, and step 9 of the Current 21 Step Videos, all of which are original works of authorship.

152.    Upon information and belief, Force and Digital Altitude had access to step 9 of MOBE's Current 21 Step Videos and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 9 of MOBE's Current 21 Step Videos to create step 9 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

153.    Upon information and belief, Force—as the founder and owner of Digital Altitude and having a significant financial interest in the success of Digital Altitude—personally, willfully, and knowingly participated in the aforementioned acts of copyright infringement. As such, Force is personally liable for the aforementioned acts of copyright infringement.

154.    Force's and Digital Altitude's infringement of MOBE's rights in each of the aforementioned copyrighted works constitutes a separate and distinct act of infringement.

155.    Force's and Digital Altitude's acts of infringement are willful, intentional, and purposeful, and in disregard of, and with indifference to, MOBE's rights.

156.    As a result of Force's and Digital Altitude's willful copyright infringement, MOBE has been, and will continue to be, irreparably harmed.

157.    Unless enjoined by this Court, Force and Digital Altitude will continue to willfully and intentionally infringe MOBE's proprietary rights in the 21 Step Documents,

the 2013 21 Step Videos, the 2014 21 Step Slides, the 2013 21 Step Videos, and the Current 21 Step Videos.

158.   By reason of their infringement of MOBE's copyrights as alleged herein, Force and Digital Altitude are liable to MOBE for the actual damages incurred by MOBE as a result of the infringement, and for any profits of Force and Digital Altitude directly or indirectly attributable to such infringement.

## CLAIM 8: COPYRIGHT INFRINGEMENT

### (Against Digital Altitude and Michael Force For Actions Relating To The Creation And Dissemination Of The Step 10 Aspire Video)

159.   MOBE hereby realleges and incorporates the foregoing paragraphs as though fully set forth herein.

160.   MOBE owns valid copyrights and exclusive rights under 17 U.S.C. § 106 to step 10 of the 21 Step Documents, step 10 of the 2013 21 Step Videos, step 10 of the 2014 21 Step Slides, and step 10 of the Current 21 Step Videos, all of which are original works of authorship.

161.   Upon information and belief, Force and Digital Altitude had access to step 10 of MOBE's Current 21 Step Videos and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 10 of MOBE's Current 21 Step Videos to create step 10 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

162.   Upon information and belief, Force—as the founder and owner of Digital Altitude and having a significant financial interest in the success of Digital Altitude—personally, willfully, and knowingly participated in the aforementioned acts of copyright infringement. As such, Force is personally liable for the aforementioned acts of copyright infringement.

163.   Force's and Digital Altitude's infringement of MOBE's rights in each of the aforementioned copyrighted works constitutes a separate and distinct act of infringement.

164.   Force's and Digital Altitude's acts of infringement are willful, intentional, and purposeful, and in disregard of, and with indifference to, MOBE's rights.

165.   As a result of Force's and Digital Altitude's willful copyright infringement, MOBE has been, and will continue to be, irreparably harmed.

166.   Unless enjoined by this Court, Force and Digital Altitude will continue to willfully and intentionally infringe MOBE's proprietary rights in the 21 Step Documents, the 2013 21 Step Videos, the 2014 21 Step Slides, the 2013 21 Step Videos, and the Current 21 Step Videos.

167.   By reason of their infringement of MOBE's copyrights as alleged herein, Force and Digital Altitude are liable to MOBE for the actual damages incurred by MOBE as a result of the infringement, and for any profits of Force and Digital Altitude directly or indirectly attributable to such infringement.

## CLAIM 9: COPYRIGHT INFRINGEMENT

**(Against Digital Altitude and Michael Force For Actions Relating To**
**The Creation And Dissemination Of The Step 11 Aspire Video)**

168.   MOBE hereby realleges and incorporates the foregoing paragraphs as though fully set forth herein.

169.   MOBE owns valid copyrights and exclusive rights under 17 U.S.C. § 106 to step 11 of the 21 Step Documents, step 11 of the 2013 21 Step Videos, step 11 of the 2014 21 Step Slides, and step 11 of the Current 21 Step Videos, all of which are original works of authorship.

170.   Upon information and belief, Force and Digital Altitude had access to step 11 of MOBE's Current 21 Step Videos and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 11 of MOBE's Current 21 Step Videos to create step 11 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

171.   Upon information and belief, Force—as the founder and owner of Digital Altitude and having a significant financial interest in the success of Digital Altitude—

1   personally, willfully, and knowingly participated in the aforementioned acts of copyright

2   infringement. As such, Force is personally liable for the aforementioned acts of copyright

3   infringement.

4          172.   Force's and Digital Altitude's infringement of MOBE's rights in each of the

5   aforementioned copyrighted works constitutes a separate and distinct act of infringement.

6          173.   Force's and Digital Altitude's acts of infringement are willful, intentional,

7   and purposeful, and in disregard of, and with indifference to, MOBE's rights.

8          174.   As a result of Force's and Digital Altitude's willful copyright infringement,

9   MOBE has been, and will continue to be, irreparably harmed.

10          175.   Unless enjoined by this Court, Force and Digital Altitude will continue to

11   willfully and intentionally infringe MOBE's proprietary rights in the 21 Step Documents,

12   the 2013 21 Step Videos, the 2014 21 Step Slides, the 2013 21 Step Videos, and the

13   Current 21 Step Videos.

14          176.   By reason of their infringement of MOBE's copyrights as alleged herein,

15   Force and Digital Altitude are liable to MOBE for the actual damages incurred by MOBE

16   as a result of the infringement, and for any profits of Force and Digital Altitude directly

17   or indirectly attributable to such infringement.

18                    **CLAIM 10: COPYRIGHT INFRINGEMENT**

19            **(Against Digital Altitude and Michael Force For Actions Relating To**

20              **The Creation And Dissemination Of The Step 12 Aspire Video)**

21          177.   MOBE hereby realleges and incorporates the foregoing paragraphs as

22   though fully set forth herein.

23          178.   MOBE owns valid copyrights and exclusive rights under 17 U.S.C. § 106 to

24   step 12 of the 21 Step Documents, step 12 of the 2013 21 Step Videos, step 12 of the

25   2014 21 Step Slides, and step 12 of the Current 21 Step Videos, all of which are original

26   works of authorship.

27          179.   Upon information and belief, Force and Digital Altitude had access to step

28   12 of MOBE's Current 21 Step Videos and, without the permission or consent of MOBE,

Force and Digital Altitude copied original expression contained in step 12 of MOBE's Current 21 Step Videos to create step 12 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

180.    Upon information and belief, Force—as the founder and owner of Digital Altitude and having a significant financial interest in the success of Digital Altitude—personally, willfully, and knowingly participated in the aforementioned acts of copyright infringement. As such, Force is personally liable for the aforementioned acts of copyright infringement.

181.    Force's and Digital Altitude's infringement of MOBE's rights in each of the aforementioned copyrighted works constitutes a separate and distinct act of infringement.

182.    Force's and Digital Altitude's acts of infringement are willful, intentional, and purposeful, and in disregard of, and with indifference to, MOBE's rights.

183.    As a result of Force's and Digital Altitude's willful copyright infringement, MOBE has been, and will continue to be, irreparably harmed.

184.    Unless enjoined by this Court, Force and Digital Altitude will continue to willfully and intentionally infringe MOBE's proprietary rights in the 21 Step Documents, the 2013 21 Step Videos, the 2014 21 Step Slides, the 2013 21 Step Videos, and the Current 21 Step Videos.

185.    By reason of their infringement of MOBE's copyrights as alleged herein, Force and Digital Altitude are liable to MOBE for the actual damages incurred by MOBE as a result of the infringement, and for any profits of Force and Digital Altitude directly or indirectly attributable to such infringement.

## CLAIM 11: COPYRIGHT INFRINGEMENT

### (Against Digital Altitude and Michael Force For Actions Relating To The Creation And Dissemination Of The Step 14 Aspire Video)

186.   MOBE hereby realleges and incorporates the foregoing paragraphs as though fully set forth herein.

187.   MOBE owns valid copyrights and exclusive rights under 17 U.S.C. § 106 to step 14 of the 21 Step Documents, step 14 of the 2013 21 Step Videos, step 14 of the 2014 21 Step Slides, and step 14 of the Current 21 Step Videos, all of which are original works of authorship.

188.   Upon information and belief, Force and Digital Altitude had access to step 14 of MOBE's 2014 21 Step Slides and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 14 of MOBE's 2014 21 Step Slides to create step 14 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

189.   Upon information and belief, Force and Digital Altitude had access to step 14 of MOBE's Current 21 Step Videos and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 14 of MOBE's Current 21 Step Videos to create step 14 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

190.   Upon information and belief, Force—as the founder and owner of Digital Altitude and having a significant financial interest in the success of Digital Altitude—personally, willfully, and knowingly participated in the aforementioned acts of copyright infringement. As such, Force is personally liable for the aforementioned acts of copyright infringement.

191.   Force's and Digital Altitude's infringement of MOBE's rights in each of the aforementioned copyrighted works constitutes a separate and distinct act of infringement.

192.   Force's and Digital Altitude's acts of infringement are willful, intentional, and purposeful, and in disregard of, and with indifference to, MOBE's rights.

193.   As a result of Force's and Digital Altitude's willful copyright infringement, MOBE has been, and will continue to be, irreparably harmed.

194.   Unless enjoined by this Court, Force and Digital Altitude will continue to willfully and intentionally infringe MOBE's proprietary rights in the 21 Step Documents,

the 2013 21 Step Videos, the 2014 21 Step Slides, the 2013 21 Step Videos, and the Current 21 Step Videos.

195.   By reason of their infringement of MOBE's copyrights as alleged herein, Force and Digital Altitude are liable to MOBE for the actual damages incurred by MOBE as a result of the infringement, and for any profits of Force and Digital Altitude directly or indirectly attributable to such infringement.

**CLAIM 12: COPYRIGHT INFRINGEMENT**

**(Against Digital Altitude and Michael Force For Actions Relating To**

**The Creation And Dissemination Of The Step 15 Aspire Video)**

196.   MOBE hereby realleges and incorporates the foregoing paragraphs as though fully set forth herein.

197.   MOBE owns valid copyrights and exclusive rights under 17 U.S.C. § 106 to step 15 of the 21 Step Documents, step 15 of the 2013 21 Step Videos, step 15 of the 2014 21 Step Slides, and step 15 of the Current 21 Step Videos, all of which are original works of authorship.

198.   Upon information and belief, Force and Digital Altitude had access to step 15 of MOBE's 2014 21 Step Slides and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 15 of MOBE's 2014 21 Step Slides to create step 15 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

199.   Upon information and belief, Force and Digital Altitude had access to step 15 of MOBE's Current 21 Step Videos and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 15 of MOBE's Current 21 Step Videos to create step 15 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

200.   Upon information and belief, Force—as the founder and owner of Digital Altitude and having a significant financial interest in the success of Digital Altitude— personally, willfully, and knowingly participated in the aforementioned acts of copyright

1   infringement. As such, Force is personally liable for the aforementioned acts of copyright

2   infringement.

3       201.   Force's and Digital Altitude's infringement of MOBE's rights in each of the

4   aforementioned copyrighted works constitutes a separate and distinct act of infringement.

5       202.   Force's and Digital Altitude's acts of infringement are willful, intentional,

6   and purposeful, and in disregard of, and with indifference to, MOBE's rights.

7       203.   As a result of Force's and Digital Altitude's willful copyright infringement,

8   MOBE has been, and will continue to be, irreparably harmed.

9       204.   Unless enjoined by this Court, Force and Digital Altitude will continue to

10   willfully and intentionally infringe MOBE's proprietary rights in the 21 Step Documents,

11   the 2013 21 Step Videos, the 2014 21 Step Slides, the 2013 21 Step Videos, and the

12   Current 21 Step Videos.

13       205.   By reason of their infringement of MOBE's copyrights as alleged herein,

14   Force and Digital Altitude are liable to MOBE for the actual damages incurred by MOBE

15   as a result of the infringement, and for any profits of Force and Digital Altitude directly

16   or indirectly attributable to such infringement.

17                    **CLAIM 13: COPYRIGHT INFRINGEMENT**

18            **(Against Digital Altitude and Michael Force For Actions Relating To**

19               **The Creation And Dissemination Of The Step 16 Aspire Video)**

20       206.   MOBE hereby realleges and incorporates the foregoing paragraphs as

21   though fully set forth herein.

22       207.   MOBE owns valid copyrights and exclusive rights under 17 U.S.C. § 106 to

23   step 16 of the 21 Step Documents, step 16 of the 2013 21 Step Videos, step 16 of the

24   2014 21 Step Slides, and step 16 of the Current 21 Step Videos, all of which are original

25   works of authorship.

26       208.   Upon information and belief, Force and Digital Altitude had access to step

27   16 of MOBE's 2014 21 Step Slides and, without the permission or consent of MOBE,

28   Force and Digital Altitude copied original expression contained in step 16 of MOBE's

2014 21 Step Slides to create step 16 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

209.   Upon information and belief, Force and Digital Altitude had access to step 16 of MOBE's Current 21 Step Videos and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 16 of MOBE's Current 21 Step Videos to create step 16 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

210.   Upon information and belief, Force—as the founder and owner of Digital Altitude and having a significant financial interest in the success of Digital Altitude—personally, willfully, and knowingly participated in the aforementioned acts of copyright infringement. As such, Force is personally liable for the aforementioned acts of copyright infringement.

211.   Force's and Digital Altitude's infringement of MOBE's rights in each of the aforementioned copyrighted works constitutes a separate and distinct act of infringement.

212.   Force's and Digital Altitude's acts of infringement are willful, intentional, and purposeful, and in disregard of, and with indifference to, MOBE's rights.

213.   As a result of Force's and Digital Altitude's willful copyright infringement, MOBE has been, and will continue to be, irreparably harmed.

214.   Unless enjoined by this Court, Force and Digital Altitude will continue to willfully and intentionally infringe MOBE's proprietary rights in the 21 Step Documents, the 2013 21 Step Videos, the 2014 21 Step Slides, the 2013 21 Step Videos, and the Current 21 Step Videos.

215.   By reason of their infringement of MOBE's copyrights as alleged herein, Force and Digital Altitude are liable to MOBE for the actual damages incurred by MOBE as a result of the infringement, and for any profits of Force and Digital Altitude directly or indirectly attributable to such infringement.

/ / /

/ / /

## CLAIM 14: COPYRIGHT INFRINGEMENT

**(Against Digital Altitude and Michael Force For Actions Relating To**

**The Creation And Dissemination Of The Step 18 Aspire Video)**

216.   MOBE hereby realleges and incorporates the foregoing paragraphs as though fully set forth herein.

217.   MOBE owns valid copyrights and exclusive rights under 17 U.S.C. § 106 to step 18 of the 21 Step Documents, step 18 of the 2013 21 Step Videos, step 18 of the 2014 21 Step Slides, and step 18 of the Current 21 Step Videos, all of which are original works of authorship.

218.   Upon information and belief, Force and Digital Altitude had access to step 18 of MOBE's 21 Step Documents and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 18 of MOBE's 21 Step Documents to create step 18 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

219.   Upon information and belief, Force and Digital Altitude had access to step 18 of MOBE's 2013 21 Step Videos and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 18 of MOBE's 2013 21 Step Videos to create step 18 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

220.   Upon information and belief, Force and Digital Altitude had access to step 18 of MOBE's 2014 21 Step Slides and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 18 of MOBE's 2014 21 Step Slides to create step 18 of the Aspire Videos, in violation of at least 17 U.S.C. §§ 106 and 501.

221.   Upon information and belief, Force and Digital Altitude had access to step 18 of MOBE's Current 21 Step Videos and, without the permission or consent of MOBE, Force and Digital Altitude copied original expression contained in step 18 of MOBE's

1  Current 21 Step Videos to create step 18 of the Aspire Videos, in violation of at least 17
2  U.S.C. §§ 106 and 501.

3      222.   Upon information and belief, Force—as the founder and owner of Digital
4  Altitude and having a significant financial interest in the success of Digital Altitude—
5  personally, willfully, and knowingly participated in the aforementioned acts of copyright
6  infringement. As such, Force is personally liable for the aforementioned acts of copyright
7  infringement.

8      223.   Force's and Digital Altitude's infringement of MOBE's rights in each of the
9  aforementioned copyrighted works constitutes a separate and distinct act of infringement.

10     224.   Force's and Digital Altitude's acts of infringement are willful, intentional,
11 and purposeful, and in disregard of, and with indifference to, MOBE's rights.

12     225.   As a result of Force's and Digital Altitude's willful copyright infringement,
13 MOBE has been, and will continue to be, irreparably harmed.

14     226.   Unless enjoined by this Court, Force and Digital Altitude will continue to
15 willfully and intentionally infringe MOBE's proprietary rights in the 21 Step Documents,
16 the 2013 21 Step Videos, the 2014 21 Step Slides, the 2013 21 Step Videos, and the
17 Current 21 Step Videos.

18     227.   By reason of their infringement of MOBE's copyrights as alleged herein,
19 Force and Digital Altitude are liable to MOBE for the actual damages incurred by MOBE
20 as a result of the infringement, and for any profits of Force and Digital Altitude directly
21 or indirectly attributable to such infringement.

22 ### CLAIM 15: FEDERAL THEFT OF TRADE SECRETS
23 ### (Against Digital Altitude and Michael Force)

24     228.   MOBE hereby realleges and incorporates the foregoing paragraphs as
25 though fully set forth herein.

26     229.   MOBE has developed Confidential Lists, containing names and contact
27 details for MOBE affiliates, customers, and staff.

28

230.    These Confidential Lists have significant economic value to MOBE, and this value is derived from not being generally known to the public or users other than MOBE.

231.    These Confidential Lists are kept secure and secret by having access restricted only to employees who need to know, and who are required to agree to a comprehensive confidentiality agreement preventing the disclosure or unauthorized use of the Confidential Lists.

232.    MOBE uses these Confidential Lists in interstate and foreign commerce to solicit, recruit, and maintain relationships with customers across different states and different countries.

233.    Force knew or should have known that MOBE's Confidential Lists were trade secrets and kept strictly confidential.

234.    On information and belief, Force, without any authorization from MOBE, took MOBE's Confidential Lists for the economic benefit of another knowing that taking the Confidential Lists for the economic benefit of another would cause injury to MOBE and intending the same in violation of at least 18 U.S.C. § 1832.

235.    On information and belief, Digital Altitude received MOBE's Confidential Lists, using these lists for its own economic benefit knowing that the Customer Lists had been obtained without authorization from MOBE and knowing that receiving and using the Confidential Lists would cause injury to MOBE and intending the same in violation of at least 18 U.S.C. § 1832.

236.    Unless enjoined by this Court, Digital Altitude will continue to willfully and intentionally use MOBE's Confidential Lists for its own economic gain.

237.    By reason of their theft of MOBE's trade secrets, Defendants are liable to MOBE for the actual damages incurred by MOBE as a result of the theft, and for any profits directly or indirectly attributable to such theft.

/ / /

/ / /

/ / /

# CLAIM 16: INTENTIONAL INTERFERENCE
## WITH CONTRACTUAL RELATIONS
### (Against Digital Altitude and Michael Force)

238.    MOBE hereby realleges and incorporates the foregoing paragraphs as though fully set forth herein.

239.    On information and belief, Defendants knew of MOBE's confidentiality agreement and non-solicitation agreements and that MOBE independent contractors, affiliates and employees are required to sign these agreements.

240.    On information and belief, Digital Altitude and Force knew of the contractual relationship contained in the confidentiality and non-solicitation agreements.

241.    On information and belief, Digital Altitude and Force committed intentional acts designed to induce a breach or disruption of these contractual relationships.

242.    On information and belief, Defendants' acts have resulted in actual breaches by individuals that previously worked for MOBE and that have been recruited to Digital Altitude.

243.    Indeed, over the past several months, Digital Altitude has recruited at least 30 of MOBE's top affiliates, which represent a significant amount of MOBE's new customers. Defendants' interference with MOBE's contractual relations has resulted in damage to MOBE in the form of at least lost income and loss of good will.

244.    Unless enjoined by this Court, Defendants will continue to intentionally interfere with MOBE's contractual relations.

245.    By reason of their interference, Defendants are liable to MOBE for the actual damages incurred by MOBE as a result of the intentional interference, and for any profits directly or indirectly attributable to such breach.

/ / /

/ / /

/ / /

/ / /

**CLAIM 17: INTENTIONAL INTERFERENCE**

**WITH PROSPECTIVE ECONOMIC ADVANTAGE**

**(Against Digital Altitude and Michael Force)**

246.  MOBE hereby realleges and incorporates the foregoing paragraphs as though fully set forth herein.

247.  Over the past several months, Digital Altitude has recruited at least 30 of MOBE's top affiliates, which represent a significant amount of MOBE's new customers.

248.  MOBE had an economic relationship with these recruited affiliates that probably would have resulted in an economic benefit to MOBE.

249.  On information and belief, Defendants knew or should have known of the relationship that MOBE had with the recruited affiliates.

250.  On information and belief, Defendants intended to disrupt MOBE's economic relationship with the recruited affiliates.

251.  On information and belief, Defendants have engaged in wrongful conduct in their attempt to disrupt MOBE's economic relationship with the recruited affiliates. Further, on information and belief, Defendants have induced other MOBE customers and staff to breach their contractual obligations contained in their confidentiality and non-solicitation agreements with MOBE as provided in Claim 21.

252.  Defendants' actions have caused MOBE's relationship with these recruited individuals to be disrupted and MOBE has been harmed due to this disruption.

253.  On information and belief, Defendants' wrongful conduct was a substantial factor in causing MOBE's harm.

254.  Unless enjoined by this Court, Defendants will continue to intentionally interfere with MOBE's prospective economic advantage.

255.  By reason of their interference, Defendants are liable to MOBE for the actual damages incurred by MOBE as a result of the intentional interference, and for any profits directly or indirectly attributable to such breach.

## CLAIM 18: UNFAIR COMPETITION

### (Against Digital Altitude and Michael Force)

256.   MOBE hereby realleges and incorporates the foregoing paragraphs as though fully set forth herein.

257.   Defendants actions constitute unfair, unlawful, deceptive, or misleading practices in violation of California Business and Professions Code § 17200 et seq.

258.   MOBE has suffered injury in fact and has lost money or property as a result of Defendants unfair and unlawful business practices in the form of damage to its good will, lost sales, and other actual damages.

259.   Defendants' acts and conduct have caused, and continue to cause, MOBE to suffer irreparable harm.

260.   Unless enjoined by this Court, Defendants will continue to willfully and intentionally violate California Business and Professions Code §17200 *et seq.* and continue to cause consumer confusion.

## PRAYER FOR RELIEF

WHEREFORE, MOBE prays for judgment against Digital Altitude and Michael Force as follows:

A.   For an order preliminarily and permanently enjoining and restraining Digital Altitude and Michael Force and their officers, agents, servants, employees, successors, and all those in active concert or participation with them, from:

      i.   Distributing the Digital Altitude Aspire program steps identified within the above claims; and

      ii.   Contacting any affiliate or customer of MOBE.

B.   For a judgment that Digital Altitude and Michael Force have committed acts of copyright infringement in violation of 17 U.S.C. § 101 *et seq.*;

C.   For a judgment finding Digital Altitude and Michael Force are in violation of 18 U.S.C. § 1832 *et seq.*;

D.      For a judgment finding Digital Altitude and Michael Force have intentionally interfered with MOBE's contractual relations;

E.      For a judgment finding Digital Altitude and Michael Force have intentionally interfered with MOBE's prospective economic advantage;

F.      For a judgment finding Digital Altitude and Michael Force have committed acts of unfair competition;

G.      For an award of compensatory and statutory damages, unjust enrichment damages, costs, and reasonable attorneys' fees in accordance with 17 U.S.C. §§ 504 and 505, 18 U.S.C. §§ 1836, Cal. Civ. Code § 3426 and other applicable law;

H.      For an award of disgorgement of profits by Digital Altitude and Michael Force that are attributable to their copyright infringement, misappropriation of trade secrets, intentional interference with contract; intentional interference with perspective economic advantage, and unfair competition;

I.      For an award of exemplary damages, pursuant to 18 U.S.C. § 1836 and other applicable law;

J.      For damages in an amount to be determined at trial for unfair competition in violation of California Business and Professions Code § 17200 *et seq.*;

K.      For an award of punitive damages, pursuant to all applicable state statutory and common law;

L.      For damages in an amount to be determined at trial for breach of contract and intentional interference with contract;

M.      For an award of MOBE's costs in bringing this action, pursuant to all applicable statutory and common law, including at least 15 U.S.C. § 1117(a);

N.      For a judgment declaring this case exceptional and awarding MOBE its attorneys' fees pursuant to 15 U.S.C. § 1117(a);

O.      For prejudgment interest, pursuant to at least California Civil Code § 3287;

P.      For post-judgment interest, pursuant to at least 28 U.S.C. § 1961(a); and

Q.      For such other and further relief as the Court may deem just and proper.

1

## **DEMAND FOR JURY**

2        Pursuant to Rule 38 of the Federal Rules of Civil Procedure, MOBE demands

3    TRIAL BY JURY of all issues so triable.

4    DATED:  August 1, 2016

5                                         Tyson K. Hottinger
                                          Kirk R. Harris

6                                         Mark W. Ford

7                                         Quincy J. Chuck
                                          MASCHOFF BRENNAN LAYCOCK

8                                             GILMORE ISRAELSEN & WRIGHT PLLC

9
                                          By:   ___*/s/ Tyson K. Hottinger*___

10                                               Tyson K. Hottinger
                                          Attorneys for MOBE, Ltd.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28