Tyson K. Hottinger (CA State Bar No. 253221; E-Mail: thottinger@mabr.com)
Kirk R. Harris (*pro hac vice* forthcoming; E-Mail: kharris@mabr.com)
Mark W. Ford (*pro hac vice* forthcoming; E-Mail: mford@mabr.com)
Quincy J. Chuck (CA State Bar No. 307857; E-Mail: qchuck@mabr.com)
MASCHOFF BRENNAN LAYCOCK GILMORE ISRAELSEN & WRIGHT PLLC
20 Pacifica, Suite 1130
Irvine, California 92618
Telephone:  (949) 202-1900
Facsimile:   (949) 453-1104

Attorneys for Plaintiff MOBE, LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| MOBE, LTD., a Malaysian company,<br><br>              Plaintiff,<br><br>       vs.<br><br>Digital Altitude LLC, a Delaware limited liability company, Michael Force, an individual,<br><br>              Defendants. | Case No. 2:16-cv-05708-FFM<br><br>**MOBE'S APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF ITS MOTION FOR PRELIMINARY INJUNCTION**<br><br>(Declaration of Tyson K. Hottinger filed concurrently herewith)<br><br>HON. FREDERICK F. MUMM<br>UNITED STATES MAGISTRATE JUDGE<br>ROYBAL COURT, COURTROOM 580 |

Pursuant to Local Rule 79-5.2.2, Plaintiff MOBE Ltd. ("MOBE") respectfully applies to the Court for an order permitting it to file under seal portions of its Motion for Preliminary Injunction and the Declaration in support thereof. MOBE seeks to maintain confidential full transcripts and slides from MOBE's copyrighted material at issue in this case, as well as full transcripts and slides from Digital Altitude LLC's ("Digital Altitude") infringing product. These transcripts and slides comprise practically all of the material and value of these works, and are provided to the Court so the Court may compare MOBE's copyrighted material with Digital Altitude's accused material. As well as being copyrighted, these materials contain confidential business information disclosing details of MOBE's business training course and systems and are only provided to customers pursuant to a confidentiality agreement. Distributing these materials publically would give competitors a commercial advantage by allowing them to use and learn from MOBE's proprietary business training course and systems without undergoing the work and expense of developing the system and course themselves. If these materials are publically filed, there could also be unauthorized duplication and distribution of this material on the Internet, which would be harmful to both MOBE's and Digital Altitude's business.

### I.   Legal Standard

"The law . . . gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *See e.g.*, *Phillips v. GMC*, 307 F.3d 1206, 1211 (9th Cir. 2002). The Court can also prevent the public disclosure of information that could cause competitive harm to a litigant. *See e.g.*, *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) (recognizing that "courts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing"); *Valley Broadcasting Co. v. United States Dist. Court*, 798 F.2d 1289, 1293 (9th Cir. 1986). Due to the public's right of access to judicial records, a party seeking to maintain the secrecy

of a document filed with the Court must meet a threshold showing with reasons that support secrecy. *See, e.g.*, *Pintos v. Pac. Creditors Assn.*, 504 F.3d 792, 801-802 (9th Cir. 2007); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

The Supreme Court noted that the common-law right of inspection "has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 598 (1978). Courts have allowed information taken from confidential documents to be filed under seal, even from commercially available documents. *Guzik Tech. Enterprises, Inc. v. W. Digital Corp.,* 5:11-CV-03786-PSG, 2013 WL 6199629, at *4 (N.D. Cal. Nov. 27, 2013) (allowing expert report that "quotes and borrows from confidential manuals (e.g. software and user guides) to be filed under seal"); *Corbett v. Transp. Sec. Admin.,* 767 F.3d 1171, 1183 (11th Cir. 2014), *cert. denied,* 135 S. Ct. 2867 (2015) (allowing operations manual to be filed under seal when it had a "warning that customers 'shall not disclose or transfer any of these materials or information to any third party' and that '[n]o part of this book may be reproduced in any form without written permission.'"). Even absent confidentiality agreements covering the documents, courts have allowed information to be filed under seal if it would provide competitors a competitive advantage if they had access. *Davis v. Soc. Serv. Coordinators, Inc.*, 1:10-CV-02372-LJO, 2012 WL 2376217, at *2 (E.D. Cal. June 22, 2012) (allowing scripts for sales pitches to be filed under seal). Further, Courts also allow copyrighted materials to be filed under seal when public disclosure would create a risk of "unauthorized duplication and distribution . . . on the Internet, which would be detrimental to its business." *Viable Sols., LLC v. Solace Consulting, LLC*, 3:09-CV-129-DCK, 2009 WL 2590284, at *2 (W.D.N.C. Aug. 17, 2009) (allowing copies of a copyrighted policy and procedure manual to be filed under seal).

"[T]he public has less of a need for access" to documents supporting nondispositive motions. *Kamakana*, 447 F.3d at 1179. Thus, to file documents under

seal supporting a non-dispositive motion, a party does not need to meet the "compelling reasons" standard employed for dispositive motions. *Id.* Instead, a party must only make a particularized showing of "good cause" under Rule 26(c) that specific harm or prejudice will result if the information is disclosed. *Id.* at 1179-80. "Rule 26(c) gives the district court much flexibility in balancing and protecting the interests of private parties." *Id.* at 1180. Unlike the higher compelling interest standard, "good cause" may be met by showing "annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c). And the court can prevent disclosure of "confidential . . . commercial information" to avoid undue burden. *Id.*

## II. Demonstration of Good Cause to Seal Portions of The Motion for Preliminary Injunction and Declaration of Tyson K. Hottinger in support of Motion for Preliminary Injunction

MOBE's MTTB System provides a step-by-step method for new business owners to rapidly build and grow a successful online business, and includes educational materials on topics such as obtaining funding for a business and generating traffic to a website. The MTTB System aggregates and represents a large part of MOBE's business knowledge and experience and took MOBE years to develop, including proprietary business plans, methods, and practices. (Declaration of Matt Lloyd in support of MOBE's Motion for Preliminary Injunction ("Lloyd Decl.") ¶ 4). As such, access to all the steps of the MTTB System is granted only to customers who have paid for the course and who have signed a non-disclosure agreement. (Lloyd Decl., ¶ 6).

The MTTB System consists primarily of a series of slides and videos that incorporate the slides with accompanying audio commentary. (Lloyd Decl., ¶ 17). Digital Altitude has infringed upon MOBE's copyrights covering the MTTB System by distributing their own business training course, the Aspire Course, which copies large amounts from MOBE's MTTB System in a series of slides and accompanying audio commentary. Public disclosure of the slides and transcripts of the accompanying audio commentary would give the public access to the entirety of MOBE's MTTB System and

the Aspire Course (which discloses substantial portions of MOBE's MTTB System) without having to make payment, thereby causing commercial harm to MOBE. (Hottinger Decl., ¶ 4, 5, 6, 7). If these materials were publically filed, any member of the public could download the entirety of MOBE and Digital Altitude's courses, and get unfettered access to MOBE's step-by-step method and proprietary business plans, methods, and practices. (Hottinger Decl., ¶ 5).

Furthermore, these materials took years to develop, and public disclosure would give competitors an unfair advantage – being able to view and misappropriate MOBE's proprietary business plans, methods, and practices and incorporate these materials into their own products. (Lloyd Decl., ¶ 9). Indeed, the irreparable injury Digital Altitude has inflicted on MOBE in just a few short months by misappropriating MOBE's MTTB System demonstrates the widespread harm that public disclosure of the MTTB System could cause. Even without the blatant copying that Digital Altitude has engaged in, another MOBE competitor could gain a competitive advantage over MOBE by incorporating disclosed proprietary business plans, methods, and practices into their own courses if they could gain access to these materials publically, without signing a non-disclosure agreement. (Hottinger Decl., ¶ 6).

Finally, with the nature of MOBE's MTTB System being an online business course, any public disclosure of these materials on the internet, without proper protection systems and non-disclosure agreements in place, could lead to rapid and widespread unauthorized duplication and dissemination, which would be impossible to prevent or forestall once it begins. (Hottinger Decl., ¶ 7).

Thus, since there is no significant public interest in this confidential information that compels its disclosure, and MOBE has made a particularized showing of specific business harm it would suffer from public disclosure of the MTTB System slides and transcripts and the Aspire System slides and transcript, MOBE has thus established more than "good

cause" for the requested sealing of the specific confidential and proprietary information referenced herein.[1]

### III. Conclusion

For the foregoing reasons, MOBE respectfully request that the Court permit filing a portion of MOBE's Motion for Preliminary Injunction and Exhibits 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, and 61 to the Declaration of Tyson K. Hottinger in support of MOBE's Motion for Preliminary Injunction under seal. A proposed order granting this motion is submitted herewith.

### IV. Certificate of Counsel

Pursuant to Local Rule 79-5.2.2(a)(i)(2), MOBE informs the Court that it is not aware of any party that opposes this Application.[2]

DATED: August 4, 2016

        Tyson K. Hottinger
        Kirk R. Harris
        Mark W. Ford
        Quincy J. Chuck
        MASCHOFF BRENNAN LAYCOCK
            GILMORE ISRAELSEN & WRIGHT PLLC

        By:  */s/ Tyson K. Hottinger*
           Tyson K. Hottinger
        Attorneys for MOBE, Ltd.

---

[1] MOBE's showing here of particularized business harm also meets the higher "compelling reasons" standard for dispositive motions, even though it is not required here. *See, e.g., In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008).

[2] At the time of the filing of this Application, Digital Altitude's counsel has not yet made an appearance or been identified. (Hottinger Decl., ¶ 10).